

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

XXXXXXXXXXXXXN
ATTORNEY GENERAL

Honorable J. A. Eames
County Attorney
Bandera County
Bandera, Texas

Dear Sir:

Opinion No. 0-5361

Re: Does Opinion No. 0-4644 apply
to those counties whose officers
are compensated on a fee basis
in the same manner and to the
same extent as it applies to
those counties whose officers
are compensated on an annual
salary basis?

Your letter of May 30, 1943, requesting the opinion of this department on the above stated matter, reads in part as follows:

"Re:  Opinion No. 0-4644,
construing Art. 7336f

"Comptroller Sheppard's letter containing copy of this opinion has been forwarded to our Sheriff-Assessor-Collector and he wants to comply with the law but operating on the old fee basis, salaries paid deputies being fixed and paid out of such fees and commissions by the sheriff has requested me to write and ascertain opinion applies alike to officers serving for salaries fixed by the Commissioners' court and those serving under the old fee system?"

Section 2 of Article 7336f, Vernon's Annotated Civil Statutes, reads as follows:

"Any county having as many as two years' taxes delinquent which have not been included in the delinquent tax record, the Collector of taxes shall within two years from the effective date of this Act, cause to be compiled a delinquent tax record of all delinquent taxes not barred by this Act; the delinquent record shall be examined by the Commissioners' Court and the Comptroller or governing

body, corrections may be ordered made, and when found correct and approved by them, payment for the compilation thereof shall be authorized by actual cost to the Tax Collector, proportionately from each the State and County taxes, or municipal taxes, first collected from such record, such cost in no case to exceed the sum equal to five (5¢) cents per item or written line of the original copy of such record and in no event shall any compiling cost be charged to the taxpayer. The delinquent tax record when approved, shall be prima facie evidence of the delinquency shown thereon, and when there shall be as many as two years of delinquency accumulated which are not shown on the record, a recompilation, or a two year supplement thereto shall then be made as herein provided. The Tax Collectors shall cause to be compiled like records of taxes delinquent due any district for which they collect from tax rolls other than the State and county rolls, and when approved by the governing body of the particular district, the cost of same shall be allowed in the manner herein provided."

In construing the foregoing section of Article 7336f, supra, it was stated in our opinion No. 0-4644 (applying to counties whose county officials are compensated on an annual salary basis) that:

"In connection with your inquiry you submit the exhibit referred to in your letter wherein you suggested to the various Tax Assessors-Collectors of the State what you considered to be a proper compliance with the pertinent portions of Section 2 of Article 7336f, Vernon's Texas Civil Statutes, providing that 'payment for the compilation thereof (the delinquent tax record required and authorized by said (Article) shall be authorized by actual cost to the Tax Collector proportionately from each the state and county taxes, or municipal taxes, first collected from such record, such cost in no case to exceed a sum equal to 5¢ per item or written line of the original copy of such record and in no event shall any compiling cost be charged to the taxpayer.' (Parenthesis ours)

"The payment provided by the above is in the nature either of the payment of actual expenses necessarily incurred by the Tax Assessor-Collector in the discharge of a statutory duty or a fee,

commission or compensation for official services performed by him. We construe the procedure outlined by you in the attached memorandum or exhibit to be grounded upon the theory or conception of such allowed cost as a fee, commission or compensation coming to the tax official by reason of services performed in his official capacity and hence under the governing statutes and the recent decision of Nueces County vs. Cureton (not yet reported), by the Supreme Court of Texas, to be accounted for as a fee of office or paid into the officers' salary fund in counties governed thereby. Upon this premise, you proceed to compute the 'actual cost' of compiling such delinquent tax records by relating the time consumed by the regular appointed and acting deputy, to the monthly salary allowed and authorized by due order of the Commissioners' Court, and having arrived at such cost, you then 'pay' such 'actual cost' by taking proportionately from state, county, municipal or district taxes collected, and causing same to be, by the said Tax Collector, accounted for as a fee of office or paid over into the salary fund, under pertinent statutes.

"We find no error or fault in the method of computation arrived at by you or the ultimate disposition of the 'actual cost' to be borne ratably by the various tax funds involved, but we cannot find ourselves in agreement with the fundamental proposition upon which such procedure rests, that is to say, that the cost allowed and comtemplated by this statute can be considered as or converted into a fee, commission or compensation received by the Assessor-Collector in the discharge of his official duties, to be accounted for as a fee of office. On the contrary, it appears that the only purpose and intent of the Legislature, in the enactment of that portion of Section 2 of Article 7336f, hereinabove referred to, was to enable the Tax Assessor-Collector to reimburse himself for such actual costs as would be necessarily expended by him in the compilation of the delinquent tax record contemplated by this Act; and to provide for such reimbursement not only out of county taxes collected, as had theretofore been the statutory rule, but likewise out of state tax collections or the tax collections of municipalities or taxing districts, so that each of said tax collections should equitably and ratably bear the cost of compiling the records

of delinquent taxes of such various taxing units. This statute does not, either expressly or by necessary implication, provide for or contemplate the collection from the taxpayer or from any other outside interest or person, of the actual cost of compiling these delinquent records, but, on the contrary, it is otherwise expressly provided. The actual cost of compiling these delinquent records, either in a fixed amount or in an amount to be computed after the work is done, is not paid in or collected by the Assessor-Collector so as to be considered a fee, compensation or commission received by him and to be accounted for as a fee of office or paid into the salary fund. On the contrary, the amount of such actual cost, if any is found to exist, is taken out of moneys collected as taxes, whether state, county, municipal or taxing district, and is paid over to the Assessor-Collector ratably or proportionately from these various tax funds, on the theory purely of reimbursing such official for reasonable and necessary expenses which he is out-of pocket, not exceeding the statutory maximum.

"Hence, if the Tax Assessor-Collector of a county, himself, in his official capacity, finds the time and the means of compiling the delinquent tax records required by said Article, in addition to and along with his other official duties, no actual cost has been incurred because the entire time of this official has been purchased already for the performance of these duties by the payment of his official salary. Likewise, if his regular deputy force, in addition to the other duties with which they are charged, are able to compile these delinquent tax records, no 'actual cost,' within the intendment of this statute, has been incurred because the salary authorized by the commissioners' court for the payment of such deputies will take care of such costs. It is only when actual costs are expended or disbursed by the Assessor-Collector in the hiring of additional personnel or the providing of additional equipment, actually and reasonably necessary to the proper compilation of these delinquent tax records, that 'actual costs' have been incurred, which may be reimbursed in the mode outlined by the statute."

After carefully considering your request in connection with out Opinion No. 0-4644 as said opinion applies to those counties whose officers are compensated on an annual salary

basis, it is our opinion what was said therein is equally applicable to those counties whose officials are compensated on a fee basis. Therefore, it is our opinion that the same construction given Article 7336f, Vernon's Annotated Statutes, is applicable to the same extent and in the same manner to counties whose officials are compensated on a fee basis as it is to those counties whose officials are compensated on an annual salary basis.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
Ardell Williams
Assistant

AW:db:wc


APPROVED JUN 19, 1943
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman